Hazel U. Poei (SBN 214928)
hazel.poei@jacksonlewis.com
Tony P. Zhao (SBN 313328)
tony.zhao@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430

Attorneys for Defendant
SELIG PARKING, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS CAMPOS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SELIG PARKING, INC., a Georgia corporation doing business in California as AAA PARKING; and Does 1-100, Inclusive,<br><br>Defendants. | Case No.:<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1441**<br><br>[Filed Concurrently with Civil Case Cover Sheet; Corporate Disclosure Statement; Declarations of Ericka Bryant and Hazel U. Poei and Exhibits Related Thereto; and Certification and Notice of Interested Parties]<br><br>Complaint Filed: April 16, 2020 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF CARLOS CAMPOS AND HIS COUNSEL OF RECORD HEREIN**:

PLEASE TAKE NOTICE that Defendant Selig Parking Inc. ("Defendant") hereby invoke this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332, 1441(a) and

1441(b) and remove the above-entitled action to this Court from the Superior Court of the State of California in and for the County of Los Angeles.

## VENUE AND STATEMENT OF JURISDICTION

1. This action was filed in the Superior Court of the State of California in and for the County of Los Angeles. Therefore, venue properly lies in the United States District Court for the Central District of California, Western Division pursuant to 28 U.S.C.§§ 84(b), 1391 and 1441(a).

2. This Court has original jurisdiction over this action under the diversity of citizenship statute. *See* 28 U.S.C. § 1332.  The diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal. *See* 28 U.S.C. §§ 1332, 1441, and 1446.

3. On April 16, 2020, Plaintiff Carlos Campos ("Plaintiff") filed a civil complaint against Defendant in the Superior Court of the State of California in and for the County of Los Angeles entitled *Carlos Campos v. Selig Parking, Inc.,* Case No. 20STCV14732 ("Complaint").  Plaintiff's Complaint sets forth nine causes of action: (a) Unpaid Wages/Overtime Pay; (b) Failure to Provide Meal Periods; (c) Failure to Provide Rest Periods; (d) Labor Code § 203 Violation; (e) Labor Code § 226 Violation; (f) Labor Code § 558 Violation; (g) Breach of Employment Contract; (h) Breach of Implied Covenant of Good Faith and Fair Dealing; and (i) Unfair Business Practices.  [Declaration of Hazel U. Poei ("Poei Decl."), ¶ 2.]

4. A true and correct copy of Plaintiff's Complaint (including Summons and Civil Case Cover Sheet), served on Defendant via Notice and Acknowledgement of Receipt on April 16, 2020, and acknowledged by Defendant via signed and returned Notice and Acknowledgement of Receipt on May 6, 2020, is attached as Exhibit **A** to Poei Decl., ¶ 2.

5. On May 8, 2020, Plaintiff filed with the Superior Court a Proof of Service of the Complaint on Defendant. [Poei Decl., ¶ 3 and Exhibit **B** attached thereto.]

6. Furthermore, a true and correct copy of Notice of Case Management Conference, served on Defendant on May 20, 2020, is attached as Exhibit **C** to Poei Decl., ¶ 4.

7. On June 3, 2020, Defendant filed in the Los Angeles Superior Court its Answer to Plaintiff's Complaint and served its Answer on Plaintiff. A true and correct copy of Defendant's Answer is attached as Exhibit **D** to Poei Decl., ¶ 5.

8. Exhibits A, B, C, and D constitute all of the pleadings that have been filed by or against Defendant in this action as of the date of the filing of this Notice of Removal. [Poei Decl. ¶ 6.]

9. Defendant's Notice of Removal is timely. Under 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed within 30 days after service of the summons and complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*. (1999) 526 U.S. 344, 354 (the 30-day removal period runs from the service of the summons and complaint; receipt of summons and complaint is insufficient to trigger removal period). Plaintiff served his complaint on Defendant via Notice and Acknowledgement of Receipt on April 16, 2020; Defendant signed and returned the Notice and Acknowledgement of Receipt on May 6, 2020. This Notice of Removal is filed on June 5, 2020, and therefore is timely under 28 U.S.C. § 1446(b).

## SERVICE ON THE STATE COURT

10. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record and a copy of the Notice of Removal will be filed with the Clerk of the Los Angeles County Superior Court.

## DIVERSITY OF CITIZENSHIP

### Complete Diversity of Citizenship Exists

11. This Notice of Removal is based on diversity jurisdiction. The diversity of citizenship statute provides in pertinent part that "[t]he district courts shall have original

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States . . ." *See* 28 U.S.C. § 1332(a).

12. "Any civil action" commenced in state court is removable if it might have been brought originally in federal court. *See* 28 U.S.C § 1441(a). Any case that could have been commenced in federal court based on diversity of citizenship can be removed from state court on this ground. *See* 28 U.S.C. § 1441(b). In order to remove a case to federal court on diversity grounds, two basic elements must be satisfied: (a) complete diversity must exist between the parties, *i.e*., Plaintiff and Defendant must be "citizens" of different states; and (b) the amount in controversy must exceed $75,000.00. *See* 28 U.S.C. § 1332.

13. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a) based on the existence of complete diversity of citizenship between the real parties to this action and on the fact that the amount in controversy exceeds $75,000.00, as discussed below.

14. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983) 704 F.2d 1088, 1090; *see also, LeBlanc v. Cleveland* (2nd Cir. 2001) 248 F.3d 95, 100 (citizenship determined at the time the lawsuit is filed); *see also, Lundquist v. Precision Valley Aviation, Inc.* (1st Cir 1991) 946 F.2d 8, 10. A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner–Lambert Co.* (9th Cir. 2001) 265 F.3d 853, 857.

15. Here, Plaintiff is, and at all times relevant to his Complaint was, an individual residing in Los Angeles County, California and therefore a citizen of the State of California. [*See* Exhibit **A** to Poei Decl., ¶ 1.]

16. For purposes of 28 U.S.C. § 1332, a corporation is deemed to be a citizen of any State where it has been incorporated and of the State where it has its "principal place of business." *See* 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court

in *Hertz Corp. v. Friend* (2010) 559 U.S. 77, 92-99, "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its 'nerve center,' which will typically be found at its corporate headquarters."

17. Here, Defendant is a corporation organized and incorporated under the State of Georgia. [Declaration of Ericka Bryant ("Bryant Decl."), ¶ 3.] Defendant's headquarters is located in Georgia. *Id.* Various high-level officers of Defendant direct, control, and coordinate its corporate activities in Georgia. *Id.*

## AMOUNT IN CONTROVERSY

18. This Action also meets the amount in controversy requirement for removal based on diversity jurisdiction. 28 U.S.C. § 1332(a) authorizes the removal of cases in which, among other factors above, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Without admitting that Plaintiff will recover any damages, Defendant asserts that the amount in controversy in this action could exceed $75,000.00, exclusive of interest and costs.

19. As specified in the Complaint, Plaintiff seeks a total of at least $139,527.03 in damages. [*See* Exhibit **A** to Poei Decl., "Prayer for Relief."] When removal is sought on diversity grounds, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

20. In determining whether the amount in controversy exceeds $75,000.00, the Court must presume the plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F.Supp. 993, 1001, citing *Burns v. Windsor Ins. Co.* (11th Cir. 1994) 31 F.3d 1092, 1096 (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.* (3d Cir. 1993) 989 F.2d 142, 146 ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). Moreover, the argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied.

*Cohn v. Petsmart, Inc.* (2002) 281 F.3d 837, 843, n.1, *citing Willingham v. Morgan* (1969) 395 U.S. 402, 407 n.3.

21. As Plaintiff has pleaded well-over the threshold of $75,000.00 in the Complaint, and given that it is more likely than not that Plaintiff's claimed damages – as alleged in the Complaint – also exceed $75,000.00, it cannot be said to a legal certainty that if Plaintiff prevails at trial he would not be entitled to recover more than the jurisdictional amount. Thus, removal is proper. See *Sanchez v. Monumental Life Ins.,* 102 F.3d 398, 403-04 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999).

## NO ADMISSION

22. Defendant does not concede in any way that the allegations in the Complaint or any other pleading discussed above are accurate, nor do they concede that Plaintiff is entitled to any compensatory or statutory damages, injunctive relief, restitution, civil penalties, punitive damages, attorneys' fees, or any other relief.

23. The undersigned counsel for Defendant has read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

## CONCLUSION AND REQUESTED RELIEF

24. For the reasons described above, Plaintiff's claims are properly removable under 28 U.S.C. §1441(a) and (b). Accordingly, Defendant respectfully requests that this Court proceed with this matter as if it had been originally filed herein.

DATED: June 4, 2020                JACKSON LEWIS P.C.

By:  /s/ *Hazel U. Poei*
Hazel U. Poei
Tony P. Zhao

Attorneys for Defendant
SELIG PARKING, INC.

4811-6803-1422, v. 4