Exhibit A

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Vahe Hovanessian, Esq. (SBN 237068)<br>LAW OFFICE OF VAHE HOVANESSIAN<br>100 N. Brand Blvd., Ste. 536<br>Glendale, CA 91203-2642<br>TELEPHONE NO.: 818-240-1333    FAX NO. *(Optional):* 818-240-1369<br>E-MAIL ADDRESS *(Optional):* vahe@vhlaw.com<br>ATTORNEY FOR *(Name):* Plaintiff CARLOS CAMPOS | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS: 111 N. HILL STREET
CITY AND ZIP CODE: LOS ANGELES 90012
BRANCH NAME: CENTRAL - STANLEY MOSK

PLAINTIFF/PETITIONER: CARLOS CAMPOS

DEFENDANT/RESPONDENT: SELIG PARKING, INC., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>20STCV14732 |
|---|---|

TO *(insert name of party being served):*  SELIG PARKING, INC., a Georgia corporation doing business in California as AAA PARKING

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 04/16/2020

Vahe Hovanessian, Esq.
_____
(TYPE OR PRINT NAME)          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*

   Civil Case Coversheet (CM-010); Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109); Notice of Case Assignment (LACIV 190); 2019-GEN-014-00; Voluntary Efficient Litigation Stipulations LACIV: 230; 036; 229; 094; 075; LASC CIV 271 Rev. 01/20;

*(To be completed by recipient):*

Date this form is signed: _____

_____     _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| Vahe Hovanessian, Esq. (SBN 237068)<br>LAW OFFICE OF VAHE HOVANESSIAN<br>100 N. Brand Blvd., Ste. 536<br>Glendale, CA 91203-2642<br>TELEPHONE NO: 818-240-1333   FAX NO. *(Optional):* 818-240-1369<br>E-MAIL ADDRESS *(Optional):* vahe@vhlaw.com<br>ATTORNEY FOR *(Name):* Plaintiff CARLOS CAMPOS | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS: 111 N. HILL STREET
CITY AND ZIP CODE: LOS ANGELES 90012
BRANCH NAME: CENTRAL - STANLEY MOSK

PLAINTIFF/PETITIONER: CARLOS CAMPOS

DEFENDANT/RESPONDENT: SELIG PARKING, INC., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>20STCV14732 |
|---|---|

TO *(insert name of party being served):*  SELIG PARKING, INC., a Georgia corporation doing business in California as AAA PARKING

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 04/16/2020

Vahe Hovanessian, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑  A copy of the summons and of the complaint.
2. ☑  Other *(specify):*

   Civil Case Coversheet (CM-010); Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109); Notice of Case Assignment (LACIV 190); 2019-GEN-014-00; Voluntary Efficient Litigation Stipulations LACIV: 230; 036; 229; 094; 075; LASC CIV 271 Rev. 01/20;

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

Electronically FILED by Superior Court of California, County of Los Angeles on 04/16/2020 03:49 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
20STCV14732

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SELIG PARKING, INC., a Georgia corporation doing business in California as AAA PARKING; and DOES 1 to 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CARLOS CAMPOS, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* LOS ANGELES SUPERIOR COURT | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|
| STANLEY MOSK COURTHOUSE - CENTRAL DISTRICT<br>111 N. HILL STREET, LOS ANGELES, CA 90012 | 20STCV14732 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Vahe Hovanessian, Esq., 100 N. Brand Blvd., Ste. 536, Glendale, CA 91203, (818) 240-1333

Sherri R. Carter Executive Officer / Clerk of Court

| DATE: 04/16/2020<br>*(Fecha)* | Clerk, by<br>*(Secretario)* R. Perez | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* SELIG PARKING, INC., a Georgia corporation
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Electronically FILED by Superior Court of California, County of Los Angeles on 04/16/2020 03:49 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
20STCV14732

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Stephanie Bowick

Vahe Hovanessian, Esq. (Bar No. 237068)
**LAW OFFICE OF VAHE HOVANESSIAN**
100 N. Brand Boulevard, Suite 536
Glendale, CA 91203-2642
Tel: (818) 240-1333 / Fax: (818) 240-1369
E-mail: vahe@vhlaw.com

Attorneys for Plaintiff **CARLOS CAMPOS**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| CARLOS CAMPOS, an individual, | ) Case No.:   20STCV14732 |
| Plaintiff, | ) **VERIFIED COMPLAINT FOR:** |
| vs. | ) 1)  UNPAID WAGES / OVERTIME PAY; |
| | ) 2)  FAILURE TO PROVIDE MEAL PERIODS; |
| SELIG PARKING, INC., a Georgia | ) 3)  FAILURE TO PROVIDE REST PERIODS; |
| corporation doing business in California | ) 4)  *LABOR CODE* §203 VIOLATION; |
| as AAA PARKING; and DOES 1 to | ) 5)  *LABOR CODE* §226 VIOLATIONS; |
| 100, inclusive, | ) 6)  *LABOR CODE* §558; |
| Defendants. | ) 7)  BREACH OF EMPLOYMENT CONTRACT; |
| | ) 8)  BREACH OF IMPLIED COVENANT OF |
| | )      GOOD FAITH AND FAIR DEALING; |
| | ) 9) UNFAIR BUSINESS PRACTICES. |
| | ) **DEMAND FOR JURY TRIAL** |

/ / /

/ / /

Plaintiff **CARLOS CAMPOS**, ("Plaintiff"), on behalf of himself and all those similarly situated hereby files this Complaint against Defendants **SELIG PARKING, INC., a Georgia corporation doing business in California as AAA PARKING; and DOES 1 to 100** ("Defendants"). Plaintiff is informed and believes, and on the basis of that information and belief, alleges as follows:

## I.
## PARTIES

1.      Plaintiff is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a resident of the State of California, County of Los Angeles.

LAW OFFICE OF
VAHE HOVANESSIAN
100 N. BRAND BLVD.
SUITE 536
GLENDALE, CA
91203-2642
TEL: (818) 240-1333
FAX: (818) 240-1369

2.      Plaintiff is informed and believes and thereby alleges that Defendant SELIG PARKING, INC., is and at all times relevant thereto was a corporation organized and existing under and by virtue of the laws of the State of Georgia, qualified to do business in California as AAA PARKING with its particular business located in Los Angeles County in the City of Los Angeles, California.

3.      Plaintiff is informed and believes and thereby alleges that Defendant SELIG PARKING, INC., does business in California at 2029 Century Park East, Suite 400, Los Angeles, CA 90067.

4.      The true names and capacities of the Defendants named herein as Does 1 through 100, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff who therefore sues such Defendants by fictitious names pursuant to Cal. Code Civ Proc §474. Plaintiff is informed and believes that Doe Defendants are California residents. Plaintiff will amend this complaint to show such true names and capacities when they have been determined.

5.      Defendants, and each of them, are now, and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint. Defendants proximately caused Plaintiff to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

6.      Defendants, and each of them, are now, and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

7.      Defendants, and each of them, are now, and/or at all times mentioned in this Complaint were members of, and/or engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

8.      Defendants, and each of them, at all times mentioned in this Complaint concurred and contributed to the various acts and omissions of each and every one of the other Defendants

LAW OFFICE OF
WADE HOFFMANN
1100 N. BRAND BLVD.
SUITE 535
GLENDALE, CA
91202-2042
TEL: (818) 240-1133
FAX: (818) 240-1369

*Campos v. Selig Parking, Inc., et al.*

- 2 -

VERIFIED COMPLAINT

1  in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

2      9.    Defendants, and each of them, at all times mentioned in this Complaint approved

3  of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in

4  this Complaint.

5      10.    Defendants, and each of them, at all times mentioned in this Complaint aided and

6  abetted the acts and omissions of each and every one of the other Defendants thereby

7  proximately causing the damages alleged in this Complaint.

8  **II**
**GENERAL ALLEGATIONS**
9  **COMMON TO ALL CAUSES OF ACTION**

10      11.    At times pertinent to the Complaint, Plaintiff was employed by Defendants

11  SELIG PARKING, INC. (hereinafter "SELIG") most recently working as a Valet Operations

12  Manager.

13      12.    Plaintiff was employed with Defendants from October 31, 2009 until November

14  15, 2012 as a valet hourly employee. Plaintiff was laid off in November of 2012.

15      13.    Plaintiff was rehired on or about December 20, 2013 as an Assistant Manager at

16  the Line Hotel in Los Angeles until approximately February 15, 2015.

17      14.    On or about February 15, 2015, Plaintiff was reassigned as the Valet Operations

18  Manager to the Marriot Del Mar in San Diego located at 11966 El Camino Real, San Diego, CA

19  92130.

20      15.    At the Marriot Del Mar in San Diego, Plaintiff managed approximately six (6) to

21  eight (8) hourly valet staff throughout his employment at that location.

22      16.    Due to persistent understaffing, Plaintiff did not have an Assistant Manager at the

23  Marriot Del Mar in San Diego at any time.

24      17.    Throughout Plaintiff's employment, Plaintiff's salary was paid by Defendants on

25  a semi-monthly basis with twenty-four (24) paychecks per annum.

26      18.    Plaintiff alleges that each time Plaintiff was hired or rehired and on or about

27  February 15, 2015 upon his promotion Plaintiff and Defendant SELIG herein entered into an

28  employment contract which was made in the State of California to be performed within the State

*Campos v. Selig Parking, Inc., et al.*

VERIFIED COMPLAINT

of California. Most recently, Plaintiff was employed as an employee of Defendant as a Valet Operations Manager.

19.    Plaintiff has at all times duly performed all the conditions of the employment contract until prevented from doing so by Defendants.

20.    At all times herein mentioned, Plaintiff performed his duties and obligations under the employment agreement referenced above, and Defendants, and each of them, knew Plaintiff had fulfilled all of the duties and conditions under the agreement.

21.    Because of the adverse treatment, Plaintiff was unable to continue his gainful employment and consequently he lost a substantial economic gain which he had been promised and to which he was entitled.

### III.
### JURISDICTION AND VENUE

22.    The California Superior Court has jurisdiction in this matter due to Defendants' violations of *Labor Code §201, et seq., Labor Code §500, et seq., Labor Code §1194, B&PC §17200, et seq.*, the IWC Wage Order(s) and related common law principles.

23.    The California Superior Court also has jurisdiction in this matter because both the individual and aggregate monetary damages and restitution sought herein exceed the minimal jurisdictional limits of the Superior Court and will be established at trial, according to proof.

24.    Venue is proper in Los Angeles County pursuant to *CCP §395(a)* and *CCP §395.5* in that liability arose there because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each Defendant either is found, maintains offices, transacts business, and/or has an agent therein.

### IV.
### CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### UNPAID WAGES / OVERTIME PAY
### (Against Defendants SELIG and DOES 1 to 100)

25.    Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding paragraphs 1 through 24 and the foregoing paragraphs of

- 4 -

1    this Complaint as if fully set forth herein.

2          26.     Plaintiff alleges that within three (3) years prior to filing of this action, pursuant to

3    the provisions of the California Code of Regulations, and the applicable Industrial Welfare

4    Commission Order, Defendants, and each of them, were required to compensate each and every

5    one of their non-exempt employees, including Plaintiff, for overtime wages at the rate of 1.5

·6    times the regular hourly rate of pay for hours worked in excess of eight (8) hours per day or forty

7    (40) hours per week and overtime wages at twice the regular rate of pay for hours worked in

8    excess of twelve (12) hours per day or over eight (8) hours on a seventh consecutive work day.

9          27.     Plaintiff's promotion as the Valet Operations Manager included duties to schedule

10    shifts; confirm hours for payroll; follow directions, instructions and terms of employment as

11    given from his supervisors, Human Resources and hotel management. Plaintiff's managerial

12    tasks did not at any time amount to a majority of Plaintiff's daily work-time or weekly work

13    schedule.

14          28.     Plaintiff's duties primarily included conducting valet service, working the parking

15    booth, handing tickets, parking cars, receiving tickets, and returning cars.

16          29.     In or about mid-2016, Plaintiff was required to clock-in and clock-out as a Valet

17    Operations Manager through the end of his employment on or about May 06, 2019.

18          30.     Plaintiff was required to work least five (5) to seven (7) days per week for nine

19    (9) or more hours per day. Plaintiff was instructed to maintain clock-in and clock-out records to

20    show forty-five (45) hours per week. Plaintiff was further required to work additional hours per

21    week that he was instructed to keep off the clock-in-and-out schedule, including special events

22    and extra coverage for hourly staff due to ongoing understaffing issues.

23          31.     Plaintiff's duties and responsibilities involved hourly tasks as a significant

24    majority of his work-time.

25          32.     Plaintiff was misclassified as a salaried exempt from the beginning of his

26    employment as a Valet Operations Manager and did not receive any overtime pay.

27          33.     Plaintiff alleges that Defendants, and each of them, violated the *Labor Code* and

28    Industrial Welfare Commission Order and failed to pay Plaintiff overtime wages for hours which

LAW OFFICES OF
MARK HOYASSERIAN
11101 FRANKLIN
SUITE 336
GLENDALE, CA
91203-2612
TEL., (818) 240-1333
FAX (818) 240-1309

- 5 -

*Campos v. Selig Parking, Inc., et al.*

VERIFIED COMPLAINT

1   would qualify for overtime wages.

2       34.     Pursuant to the provisions of the California Code of Regulations and applicable

3   IWC Order, Plaintiff is entitled to recover overtime wages at the applicable rates of overtime

4   pay, including double overtime, for all hours which constitute statutory overtime hours.

5       35.     Plaintiff therefore seeks recovery of all unpaid overtime wages at the applicable

6   hourly and overtime wage rates, including all penalties, interest and other damages, to be proven

7   at time of trial.

8       36.     As of April 15, 2016, Plaintiff received one-thousand eight-hundred thirty-six

9   dollars & 46/100 ($1,836.46) per paycheck throughout the end of December 31, 2016. Plaintiff's

10  calculations use the hourly rate of $22.96 for this period (04/15/2016 – 12/31/2016).

11      37.     For 2016, Plaintiff calculates that he is owed $11,778.52 for unpaid wages

12  including straight time and overtime.

13      38.     Beginning on or about January 01, 2017, Plaintiff's salary was increased to one-

14  thousand eight-hundred ninety-one dollars & 55/100 ($1,891.55) though December 31, 2018.

15  Plaintiff's calculations use the hourly rate of $23.64 for this period (01/01/2017 – 12/31/2018).

16      39.     For 2017, Plaintiff calculates that he is owed $24,967.23 for unpaid wages

17  including straight time and overtime.

18      40.     For 2018, Plaintiff calculates that he is owed $24,931.80 for unpaid wages

19  including straight time and overtime.

20      41.     Beginning on January 01, 2019, Plaintiff's salary was increased to one-thousand

21  nine-hundred and thirty-eight dollars & 93/100 ($1,938.93) through May 06, 2019. Plaintiff's

22  calculations use the hourly rate of $24.24 for this period (01/01/2019 – 05/06/2019).

23      42.     For 2019, Plaintiff calculates that he is owed $ 7,156.28 for unpaid wages

24  including straight time and overtime.

25      43.     In total, Plaintiff calculates he is owed approximately $68,833.83 for unpaid

26  wages and overtime during the relevant time period from approximately April 15, 2016 to the

27  filing of this complaint.

28  ///

LAW OFFICES OF
VACHE HOVANISSIAN
[CON. BRAND PLAZA
SUITE 335
GLENDALE, CA
91203-2642
TEL: (818) 240-1333
FAX: (818) 240-1309

- 6 -

*Campos v. Selig Parking, Inc., et al.*
VERIFIED COMPLAINT

44.     Plaintiff also seeks the recovery of attorneys' fees and costs of suit pursuant to

*Labor Code* §1194.

### SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL PERIODS
### (Against Defendants SELIG and DOES 1 to 100)

45.     Plaintiff incorporates by reference and realleges each and every one of the

allegations contained in the preceding paragraphs 1 through 44 and the foregoing paragraphs of

this Complaint as if fully set forth herein.

46.     For each and every day of employment, Plaintiff was not afforded any

opportunity to take an uninterrupted thirty (30) minute meal break.

47.     *Labor Code* §226.7(a) provides that "No employer shall require any employee to

work during any meal or rest period mandated by an applicable order of the Industrial Welfare

Commission."

48.     *Labor Code* §512 provides that "An employer may not employ an employee for a

work period of more than five hours per day without providing the employee with a meal period

of not less than 30 minutes, except that if the total work period per day of the employee is no

more than six hours, the meal period may be waived by mutual consent of both the employer and

employee."

49.     *Labor Code* §512 further provides that "An employer may not employ an

employee for a work period of more than 10 hours per day without providing the employee with

a second meal period of not less than 30 minutes, except that if the total hours worked is no more

than 12 hours, the second meal period may be waived by mutual consent of the employer and the

employee only if the first meal period was not waived."

50.     *Labor Code* §516 provides that the Industrial Welfare Commission may adopt or

amend working condition orders with respect to meal periods for any workers in California

consistent with the health and welfare of those workers.

51.     Section 11(A) of the <u>IWC Wage Order(s)</u> provides that "Unless the employee is

relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on

duty" meal period and counted as time worked. An "on duty" meal period shall be permitted

LAW OFFICES OF
MANN TRANSAMUNIAN
JOHN TRANSAMUNIAN
SUITE 350
GLENDALE, CA
91203-2042
TEL: (818) 240-1333
FAX: (818) 240-1369

*Campos v. Selig Parking, Inc., et al.*

VERIFIED COMPLAINT

1  only when the nature of the work prevents an employee from being relieved of all duty and when

2  by written agreement between the parties an on-the-job paid meal period is agreed to. The

3  written agreement shall state that the employee may, in writing, revoke the agreement at any

4  time."

5      52.      Section 11(B) of the IWC Wage Order(s) provides that "If an employer fails to

6  provide an employee a meal period in accordance with the applicable provisions of this order, the

7  employer shall pay the employee one (1) hour of pay at the employee's regular rate of

8  compensation for each workday that the meal period is not provided."

9      53.      Plaintiff consistently worked over five (5) hours per shift and therefore were

10  entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of

11  employment.

12      54.      Plaintiff did not waive his meal periods, by mutual consent with Defendants or

13  otherwise.

14      55.      Plaintiff did not enter into any written agreement with Defendants agreeing to an

15  on-the-job paid meal period.

16      56.      Defendants failed to comply with the meal period requirements established by

17  *Labor Code* §226.7, *Labor Code* §512, *Labor Code* §516 and Section 11 of the IWC Wage

18  Order(s).

19      57.      Pursuant to Section 11(B) of the IWC Wage Order(s) and *Labor Code* §226.7(b)

20  which states "if an employer fails to provide an employee a meal or rest period in accordance

21  with an applicable order of the Industrial Welfare Commission, the employer shall pay the

22  employee one additional hour of pay at the employee's regular rate of compensation for each

23  work day that the meal or rest period is not provided," Plaintiffs are entitled to damages in an

24  amount equal to one (1) additional hour of pay at each employee's regular rate of compensation

25  for each work day that the meal period was not provided.

26      58.      Plaintiff alleges that Defendants, and each of them, violated the *Labor Code* and

27  Industrial Welfare Commission Order and failed to provide employees, including Plaintiff, with

28  meal breaks during which Plaintiff was completely relieved of all duties.

LAW OFFICE OF
VAN B. HOVANESSIAN
1006 BRAND BLVD.
SUITE 335
GLENDALE, CA
91203-3652
TEL.:(818) 240-1311
FAX:(818) 240-1369

- 8 -

*Campos v. Selig Parking, Inc., et al.*                    VERIFIED COMPLAINT

59.     Pursuant to the provisions of *Labor Code* §226.7, Plaintiff is entitled to a full one (1) hour of compensation at Plaintiff's regular rate of pay for each mandatory meal period not provided in an amount to be proven at time of trial.

60.     For each and every day of employment, Plaintiff was not afforded any opportunity to take required meal period(s).

61.     For 2016, Plaintiff calculates 192 days of missed meal periods.  Plaintiff's calculations use the hourly rate of $22.96 for this period (04/15/2016 – 12/31/2016). For 2016, Plaintiff calculates that he is owed $4,408.32 for missed meal periods.

62.     For 2017, Plaintiff calculates 286 days of missed meal periods. Plaintiff's calculations use the hourly rate of $23.64 for this period (01/01/2017 – 12/31/2018). For 2017, Plaintiff calculates that he is owed $6,761.04 for missed meal periods.

63.     For 2018, Plaintiff calculates 291 days of missed meal periods. Plaintiff's calculations use the hourly rate of $23.64 for this period. For 2018, Plaintiff calculates that he is owed $6,879.24 for missed meal periods.

64.     For 2019, Plaintiff calculates 80 days of missed meal periods. Plaintiff's calculations use the hourly rate of $24.24 for this period (01/01/2019 – 05/06/2019). For 2019, Plaintiff calculates that he is owed $1,939.20 for missed meal periods.

65.     In total, Plaintiff calculates he is owed approximately $19,987.80 for missed meal periods during the relevant time period from approximately April 15, 2016 to the filing of this complaint.

## THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE REST PERIODS
### (Against Defendants SELIG and DOES 1 to 100)

66.     Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding paragraphs 1 through 65 and the foregoing paragraphs of this Complaint as if fully set forth herein.

67.     Plaintiff alleges that within three (3) years prior to the filing of this action, pursuant to the provisions of the *Labor Code* §512 and the applicable IWC Order, Defendants and each of them were required to provide each of their employees, including Plaintiff, with a

LAW OFFICES OF
VAHE HOVANESSIAN
JOHN BRANDMAN
Suite 530
GLENDALE, CA
91203-2642
TEL. (818) 240-1333
FAX (818) 240-1369

rest period during which the employees were to be totally relieved of all duties. Said rest period is required to be provided for each four (4) hour period worked in any single day.

68.     For each and every day of employment, Plaintiff was not afforded any opportunity to take uninterrupted ten (10) minute rest breaks.

69.     Plaintiff alleges that Defendants, and each of them, violated the *Labor Code* and the IWC Order by failing to provide Plaintiff with any, leave alone proper, rest periods and/or if rest periods were provided, that Plaintiff was not completely relieved of all duties and therefore did not constitute a proper rest period at all.

70.     Pursuant to the provisions of *Labor Code* §226.7, Plaintiff is entitled to a full one (1) hour of compensation at Plaintiff's regular rate of pay for each mandatory rest period not provided in an amount to be proven at time of trial.

71.     For 2016, Plaintiff calculates 192 days of missed rest periods. Plaintiff's calculations use the hourly rate of $22.96 for this period (04/15/2016 – 12/31/2016). For 2016, Plaintiff calculates that he is owed $4,408.32 for missed rest periods.

72.     For 2017, Plaintiff calculates 286 days of missed rest periods. Plaintiff's calculations use the hourly rate of $23.64 for this period (01/01/2017 – 12/31/2018). For 2017, Plaintiff calculates that he is owed $6,761.04 for missed rest periods.

73.     For 2018, Plaintiff calculates 291 days of missed rest periods. Plaintiff's calculations use the hourly rate of $23.64 for this period. For 2018, Plaintiff calculates that he is owed $6,879.24 for missed rest periods.

74.     For 2019, Plaintiff calculates 80 days of missed rest periods. Plaintiff's calculations use the hourly rate of $24.24 for this period (01/01/2019 – 05/06/2019). For 2019, Plaintiff calculates that he is owed $1,939.20 for missed rest periods.

75.     In total, Plaintiff calculates he is owed approximately $19,987.80 for missed rest periods during the relevant time period from approximately April 15, 2016 to the filing of this complaint.

///

///

*Campos v. Selig Parking, Inc., et al.*                    VERIFIED COMPLAINT

LAW OFFICES OF
VACHE THOMASSIAN
1010 N. BROAD AVE.
SUITE 336
GLENDALE, CA
91202-2642
TEL:(818)240-3333
FAX:(818)240-1369

## FOURTH CAUSE OF ACTION
### *LABOR CODE* §203 VIOLATION
**(Against Defendants SELIG and DOES 1 to 100)**

76.     Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding paragraphs 1 through 75 and the foregoing paragraphs of this Complaint as if fully set forth herein.

77.     *Labor Code* §203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with *Labor Code* §§201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is commenced.

78.     Plaintiffs are no longer employed by Defendants. They were either discharged from or quit Defendants' employ.

79.     Defendants willfully failed to pay the earned wages of Defendants' former employees, according to amendment or proof.

80.     Defendants willfully failed to pay Plaintiffs a sum certain at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for thirty (30) days thereafter.

81.     Defendants' willful failure to pay wages to Plaintiffs violates *Labor Code* §203 because Defendants knew or should have known wages were due to Plaintiffs, but Defendants failed to pay them.

82.     Thus, Plaintiff is entitled to recovery pursuant to *Labor Code* §203, in the amount of Plaintiff's daily wage multiplied by thirty (30) days.

83.     Plaintiff calculates that he is owed $5,817.60 for *Labor Code* 203 violations. Plaintiff's calculations use the hourly rate of $24.24 multiplied by 8 hours multiplied by 30 days.

84.     Pursuant to *Labor Code* §218.6, and *Labor Code* §1194(a), Plaintiff seeks recovery of pre-judgment interest on all amounts recovered herein.

85.     Pursuant to *Labor Code* §218.5 and *Labor Code* §1194(a), Plaintiff requests that the Court award reasonable attorneys' fees and costs incurred by him in this action.

LAW OFFICES OF
WAM HOVANNISIAN
HON BRANDFIELD
SUITE 336
GLENDALE, CA
91203-2642
TEL: (818) 240-1333
FAX: (818) 240-1369

*Campos v. Selig Parking, Inc., et al.*

VERIFIED COMPLAINT

**FIFTH CAUSE OF ACTION**
*LABOR CODE §226 VIOLATIONS*
**(Against Defendants SELIG and DOES 1 to 100)**

86.     Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding paragraphs 1 through 85 and the foregoing paragraphs of this Complaint as if fully set forth herein.

87.     *Labor Code* §226(a) requires every employer, semimonthly or at the time of each payment of wages, to furnish each of its employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing, among other things, (1) gross wages earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned and (5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

88.     Therefore, pursuant to *Labor Code* §226(a), California employers are required to maintain accurate records pertaining to the total hours worked for Defendants by Plaintiffs including but not limited to, beginning and ending of each work period, meal period and rest period, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

89.     In violation of *Labor Code* §226(a), Defendants did not and still do not furnish Plaintiffs with an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned and/or (5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

90.     In violation of *Labor Code* §226(a), Defendants did not and do not maintain accurate records pertaining to the total hours worked for Defendants by Plaintiffs including but not limited to, beginning and ending of each work period, meal period and rest period, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

91.     Pursuant to *Labor Code* §226(e), Plaintiffs are entitled to recovery as follows:

        a.     Fifty dollars ($50.00) per employee for the initial pay period in which a

*Campos v. Selig Parking, Inc., et al.*

VERIFIED COMPLAINT

LAW OFFICES OF
VAHE HOVSEPIAN
100N. BRAND BLVD.
SUITE 536
GLENDALE, CA
91203-2642
TEL: (818) 240-1333
FAX: (818) 240-1309

1      violation occurs; and

2          b.   One hundred dollars ($100.00) per employee for each violation in a

3              subsequent pay period.

4      92.   Plaintiff calculates that he is owed approximately <u>$7,450.00</u> for *Labor Code*

5 226(e) violations:  2016 (18 checks); 2017 (24 checks); 2018 (24 checks); and 2019 (9 checks).

6      93.   Pursuant to *Labor Code* §226(g), any currently employees at Defendants are

7 entitled to injunctive relief to ensure Defendants' compliance with *Labor Code* §226.

8      94.   Pursuant to *Labor Code* §226(e) and/or §226(g), Plaintiff is also entitled to an

9 award of costs and reasonable attorneys' fees.

<div align="center">

**SIXTH CAUSE OF ACTION**
*LABOR CODE* §558
**(Against Defendants SELIG and DOES 1 to 100)**

</div>

12      95.   Plaintiff incorporates by reference and realleges each and every one of the

13 allegations contained in the preceding paragraphs 1 through 94 and the foregoing paragraphs of

14 this Complaint as if fully set forth herein.

15      96.   Pursuant to *Labor Code* §558(a), any employer or other person acting on behalf of

16 an employer who violates, or causes to be violated, a section of *Labor Code* §500, et seq. or any

17 provision regulating hours and days of work in any order of the Industrial Welfare Commission

18 shall be liable as follows:

19          a.   Pursuant to *Labor Code* §558(a)(1), for any initial violation, fifty dollars

20              ($50.00) for each underpaid employee for each pay period for which the

21              employee was underpaid in addition to an amount sufficient to recover unpaid

22              wages; and

23          b.   Pursuant to *Labor Code* §558(a)(2), for each subsequent violation, one

24              hundred dollars ($100.00) for each underpaid employee for each pay period

25              for which the employee was underpaid in addition to an amount sufficient to

26              recover underpaid wages.

27      97.   Pursuant to *Labor Code* §1198, it is unlawful to employ persons for longer than

28 the hours set by the Industrial Welfare Commission or under conditions prohibited by the <u>IWC</u>

LAW OFFICES OF
WADE HUANG ISRAEL
100 N. BRAND BLVD.
SUITE 336
GLENDALE, CA
91203-2642
TEL: (818) 240-1333
FAX: (818) 240-1399

<div align="center">- 13 -</div>

1  Wage Order(s).

2      98.    Plaintiff calculates that he is owed approximately $7,450.00 for *Labor Code*

3  558(a) violations:  2016 (18 checks); 2017 (24 checks); 2018 (24 checks); and 2019 (9 checks).

4  **SEVENTH CAUSE OF ACTION**
   **BREACH OF EMPLOYMENT CONTRACT**

5  **(Against Defendants SELIG, HOTEL, and DOES 1 to 100)**

6      99.    Plaintiff incorporates by reference and realleges each and every one of the

7  allegations contained in the preceding paragraphs 1 through 98 and the foregoing paragraphs of

8  this Complaint as if fully set forth herein.

9      100.   The terms and conditions of Plaintiff's employment relationship with Defendants

10  were governed by an employment agreement ("contract") between the parties, including but not

11  limited to Defendants employment policies, procedures, practices, employee rules, personnel

12  policies, employee relations guidelines, employee handbooks, correspondence, emails,

13  facsimiles, memoranda and/or personnel manuals, entire Operations Manual, Policy Manual or

14  other similar titled document in effect during Plaintiffs' employment.

15      101.   Plaintiff is informed and believes and thereon alleges that the contract of

16  employment with Defendants, as aforesaid, obligated Defendants to continue Plaintiff's employ

17  for an indefinite period of time into the future and so long as Plaintiff fulfilled his duties and

18  obligations under the contract.

19      102.   Plaintiff performed all the duties and conditions of the employment agreement.

20      103.   Defendants knew that Plaintiff had fulfilled all his duties and conditions under the

21  contract.

22      104.   Plaintiff is informed and believes and thereon alleges that Defendants breached

23  the aforementioned contract of employment by misclassifying Plaintiff as salaried exempt and

24  failing and refusing to pay Plaintiff for all his hours worked and overtime owed.

25      105.   In taking the adverse actions against Plaintiff complained of herein, Defendants

26  deliberately breached such contract of employment.

27      106.   As a direct, foreseeable and proximate result of Defendants' breach of the

28  contract of employment, as aforesaid, Plaintiff has been deprived of the rights and benefits under

LAW OFFICES OF
VACHE ROSANNINIAN
ILLION, BRANDENBAUL
SUITE 320
GLENDALE, CA
91205-2662
TEL: (818) 240-1333
FAX: (818) 240-1509

*Campos v. Selig Parking, Inc., et al.*

VERIFIED COMPLAINT

1  the contract including, but not limited to, overtime compensation earned and unpaid while

2  Plaintiff performed all duties and conditions under the employment agreement. Plaintiff has

3  sought to mitigate such wage-related damages.

4      107.   As a direct, foreseeable and proximate result of Defendants' wrongful conduct,

5  Plaintiff has suffered the loss of contracted-for employment benefits and suffered consequential

6  economic loss, all to Plaintiff's damage in a sum within the jurisdiction of this Court and to be

7  shown according to proof.

8  <div align="center">**EIGHTH CAUSE OF ACTION**<br>**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

9  **(Against Defendants SELIG, HOTEL and DOES 1 to 100)**</div>

10      108.   Plaintiff incorporates by reference and realleges each and every one of the

11  allegations contained in the preceding paragraphs 1 through 107 and the foregoing paragraphs of

12  this Complaint as if fully set forth herein.

13      109.   A breach of an express or implied-in-fact contract not to terminate without cause

14  may also constitute a breach of the implied covenant of good faith and fair dealing. *Guz v.*

15  *Bechtel National, Inc.* (2000) 24 Cal.4th 317, 352.

16      110.   There is an implied covenant of good faith and fair dealing implied in every

17  contract that neither party will do anything that will injure the right of the other to receive the

18  benefits of the agreement. *Sheppard v. Morgan Keegan & Co.* (1990) 218 Cal. App. 3d 61, 66;

19  *Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654, 683-684; *Comunale v. Traders & General*

20  *Ins. Co.* (1958) 50 Cal. 2d 654, 658.

21      111.   Every contract imposes on each party a duty of good faith and fair dealing in its

22  performance and its enforcement. RESTATEMENT (SECOND) OF CONTRACTS §205 (1979).

23      112.   The obligation imposed by the implied covenant prevents the employer from

24  frustrating the employee's enjoyment of rights provided by the contract, including the right to

25  receipt accurate and proper pay according to California wage and hour laws.

26      113.   The precise nature and extent of the duty imposed by the covenant depends on the

27  contract and the parties' justified expectations. *Sheppard v. Morgan Keegan & Co.* (1990) 218

28  Cal. App. 3d 61, 66.

*Campos v. Selig Parking, Inc., et al.*

<div align="center">VERIFIED COMPLAINT</div>

114.    The employment agreement ("contract") referred to above contained an implied covenant of good faith and fair dealing, which obligated Defendants to perform the terms and conditions of the agreement fairly and in good faith and refrain from doing any act that would prevent or impede Plaintiff from performing any and all of the conditions of the contract that he agreed to perform, or any act that would deprive Plaintiff of the benefits of the contract.

115.    Plaintiff performed all the duties and conditions of the employment agreement.

116.    Defendants knew that Plaintiff had fulfilled all his duties and conditions under the contract.

117.    Defendants breached the implied covenant of good faith and fair dealing under the employment agreement by failing and refusing to pay Plaintiff for all hours worked and misclassifying Plaintiff as salaried exempt, intentionally, in bad faith and for reasons extraneous to the contract.

118.    Because of his misclassification, Plaintiff was unable to continue his gainful employment and consequently he lost a substantial economic gain which he had been promised and to which he was entitled. Additionally, Plaintiff lost the benefit of his continued employ, related income and benefits, as well as other consequential damages.

119.    As a result of Defendants' violation of said implied covenant of good faith and fair dealing and their reprehensible and willful conduct, Plaintiff has suffered harm in:

   a.    the destruction of plaintiff's valuable property interests in his job and profession;

   b.    incurring of reasonable attorneys fees in his attempts to obtain the benefits due to him under the above-stated employment contract with Defendants;

   c.    substantial loss in earnings, bonuses, deferred compensation, and other employment benefits and cost incurred in seeking and performing substitute employment; and

   d.    causing plaintiff to suffer and continue suffering humiliation, embarrassment, and mental anguish, all to his damage in an amount to be determined at trial.

///

LAW OFFICES OF
VACHE HOVANESSIAN
100 N. BRAND BLVD.
SUITE 536
GLENDALE, CA
91203-2642
TEL.: (818) 546-1333
FAX: (818) 240-1369

- 16 -

*Campos v. Selig Parking, Inc., et al.*

VERIFIED COMPLAINT

120. As a proximate result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered, and continues to suffer, losses in earnings and other employment benefits, and consequential economic damages to his damage in an amount to be shown according to proof.

### NINTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES
#### (On Behalf of Plaintiff and All Others Similarly Situated)
#### (Against All Defendants: SELIG, HOTEL and DOES 1 TO 100)

121. Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding paragraphs 1 through 120 and the foregoing paragraphs of this Complaint as if fully set forth herein.

122. California *Business & Professions Code* §17200 provides in pertinent part "…[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act…".

123. *B&PC* §17205 provides that unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state."

124. *B&PC* §17204 provides that an action for any relief from unfair competition may be prosecuted by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

125. During the relevant time period, Defendants have engaged in unlawful, unfair and fraudulent business acts or practices prohibited by *B&PC* §17200, including those set forth in the preceding and foregoing paragraphs of the complaint, thereby depriving Plaintiff and all others similarly situated of the minimum working standards and conditions due to them under California labor laws.

126. Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs.

127. Defendants' use of such practices constitutes an unfair business practice, unfair competition and provides an unfair advantage over Defendants' competitors.

128.   Plaintiff has suffered injury in fact and has lost money or property as a result of such unfair competition.

129.   Plaintiff, on his behalf and all others similarly situated, seeks full restitution from Defendants, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

## V.
## PRAYER FOR RELIEF

WHEREBY Plaintiff prays for the following:

1.   General damages in a sum according to proof;

2.   For interest provided by law including, but not limited to, *Civil Code* § 3291, *Labor Code* §218.6, *Labor Code* §1194(a), *Labor Code* §2802(b), and *Civil Code* §3287;

3.   For damages and recovery of the unpaid balance of unpaid straight-time and overtime wages, as set forth in *Labor Code* §1194(a), 1198 and the IWC Wage Order(s) regarding wages due and owing in the approximate amount of **$68,833.83** according to proof;

4.   For damages in the amount of one additional hour of pay for which an uninterrupted meal period was not provided as authorized by *Labor Code* §226, et seq., in the approximate amount of **$19,987.80**, according to proof;

5.   For damages in the amount of one additional hour of pay for which a rest period was not provided as authorized by *Labor Code* §226, et seq., in the approximate amount of **$ 19,987.80**, according to proof;

6.   For recovery as authorized by *Labor Code* §203 in the approximate amount of **$ 5,817.60**, according to proof.

7.   For recovery as authorized by *Labor Code* §226(e) in the approximate amount of **$ 7,450.00**, according to proof;

8.   For injunctive relief to ensure Defendants' compliance with *Labor Code* §226 pursuant to *Labor Code* §226(g);

*Campos v. Selig Parking, Inc., et al.*                    VERIFIED COMPLAINT

9.   For recovery as authorized by *Labor Code* §558 in the approximate amount of **$ 7,450.00**, according to proof;

10.   For an accounting, under administration of Plaintiff and/or the receiver and subject to Court review, to determine the amount to be returned by Defendants, and the amounts to be refunded to Plaintiff who is owed monies by Defendants;

11.   For an Order requiring Defendants to make full restitution and payment pursuant to California law;

12.   For an Order for a preliminary and/or permanent injunction prohibiting Defendants from engaging in the acts complained of herein;

13.   For all other appropriate injunctive, declaratory and equitable relief;

14.   For interest to the extent permitted by law;

15.   For attorney's fees in an amount to be shown according to proof, pursuant to *Labor Code* §218.5; *Labor Code* §1194(a); *Labor Code* §226(e) and/or §226(g); *Labor Code* §2802(c);  *CCP* §1021.5, *B&PC* §17200, *et seq.*; and/or any other applicable provision of law

16.   For costs of suit incurred herein; and

17.   For such other and further relief as the court may deem appropriate.

/ / /

## VI.
## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

Dated:  April 16, 2020                LAW OFFICE OF VAHE HOVANESSIAN

Vahe Hovanessian, Esq.
Attorney for Plaintiff CARLOS CAMPOS

/ / /

/ / /

/ / /

*Campos v. Selig Parking, Inc., et al.*                VERIFIED COMPLAINT

1

## VERIFICATION

2          I am the Plaintiff in this action. I have read the foregoing Complaint. The matters stated

3   in the Complaint are true of my own knowledge except those matters stated on information and

4   belief, and as to those matters I believe them to be true.

5          I declare under penalty of perjury under the laws of the State of California that the

6   foregoing is true and correct. Executed at Los Angeles, California.

7   DATED: April **16**, 2020

8

9

10                                    *Carlos Campos*
                                      CARLOS CAMPOS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICE OF
VAHE HORAKHANIAN
HON. BRANDABEL
Suite 335
GLENDALE, CA
91203-2602
TEL: (818) 240-1333
FAX: (818) 240-1369

*Campos v. Selig Parking, Inc., et al.*

VERIFIED COMPLAINT

Electronically FILED by Superior Court of California, County of Los Angeles on 04/16/2020 03:10 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| — Vahe Hovanessian, Esq. (SBN 237068)<br>LAW OFFICE OF VAHE HOVANESSIAN<br>100 N. Brand Blvd., Ste. 536<br>Glendale, CA 91203-2642 | |

TELEPHONE NO.: (818) 240-1333     FAX NO.: (818) 240-1369
ATTORNEY FOR *(Name):* Plaintiff CARLOS CAMPOS

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS: 111 N. HILL STREET
CITY AND ZIP CODE: LOS ANGELES 90012
BRANCH NAME: CENTRAL - STANLEY MOSK

CASE NAME:
Campos v. Selig Parking, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 20STCV14732<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties        d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve               in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence            f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 15, 2020
Vahe Hovanessian, Esq.
_____       ►       _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
  Wrongful Death
Product Liability *(not asbestos or
 toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice—
  Physicians & Surgeons
 Other Professional Health Care
  Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
  and fall)
 Intentional Bodily Injury/PD/WD
  (e.g., assault, vandalism)
 Intentional Infliction of
  Emotional Distress
 Negligent Infliction of
  Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil
 harassment)* (08)
Defamation (e.g., slander, libel)
 (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
  *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
  Contract *(not unlawful detainer
   or wrongful eviction)*
 Contract/Warranty Breach–Seller
  Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
  Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections
  Case
Insurance Coverage *(not provisionally
 complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
 drugs, check this item; otherwise,
 report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
  Case Matter
 Writ–Other Limited Court Case
  Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor
  Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex
 case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of
  County)
 Confession of Judgment *(non-
  domestic relations)*
 Sister State Judgment
 Administrative Agency Award
  *(not unpaid taxes)*
 Petition/Certification of Entry of
  Judgment on Unpaid Taxes
 Other Enforcement of Judgment
  Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
 above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-
  harassment)*
 Mechanics Lien
 Other Commercial Complaint
  Case *(non-tort/non-complex)*
 Other Civil Complaint
  *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified
 above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult
  Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late
  Claim
 Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Campos v. Selig Parking, Inc., et.al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 1 of 4

| SHORT TITLE: Campos v. Selig Parking, Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons- See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Campos v. Selig Parking, Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Campos v. Selig Parking, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: 2029 Century Park East, Suite 400 |
|---|---|
| CITY: LOS ANGELES | STATE: CA   ZIP CODE: 90067 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the CENTRAL – STANELY MOSK District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: April 15, 2020

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>04/16/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Perez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>20STCV14732 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Stephanie M. Bowick | 19 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

Sherri R. Carter, Executive Officer / Clerk of Court

on 04/16/2020
_____
(Date)

By R. Perez _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )      FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

    a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

    b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

    c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

    d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.   (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format. Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs. Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i)   Depositions;

   ii)   Declarations;

   iii)   Exhibits (including exhibits to declarations);

   iv)   Transcripts (including excerpts within transcripts);

   v)   Points and Authorities;

   vi)   Citations; and

   vii)  Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)   Any printed document required pursuant to a Standing or General Order;

   ii)  Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv)  Demurrers;

   v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)  Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019 

KEVIN C. BRAZILE
Presiding Judge

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**

**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions In Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section** ◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date:
_____
(TYPE OR PRINT NAME)                    ➤ _____
                                            (ATTORNEY FOR PLAINTIFF)

Date:
_____
(TYPE OR PRINT NAME)                    ➤ _____
                                            (ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)                    ➤ _____
                                            (ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)                    ➤ _____
                                            (ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)                    ➤ _____
                                            (ATTORNEY FOR _____)

Date:
_____
(TYPE OR PRINT NAME)                    ➤ _____
                                            (ATTORNEY FOR _____)

Date:
_____
(TYPE OR PRINT NAME)                    ➤ _____
                                            (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):      FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

<span style="padding-left:2em">(INSERT DATE)</span>     <span style="padding-left:2em">(INSERT DATE)</span>

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____      ►_____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)

Date:

_____      ►_____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____      ►_____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____      ►_____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____      ►_____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

Date:

_____      ►_____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

_____      ►_____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT.

| INFORMAL DISCOVERY CONFERENCE (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

 **Superior Court of California, County of Los Angeles**

<div style="border:1px solid">

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

</div>

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to arrange mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

   - ADR Services, Inc. Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
   - JAMS, Inc. Senior Case Manager mbinder@jamsadr.com (310) 309-6204
   - Mediation Center of Los Angeles (MCLA) Program Manager info@mediationLA.org (833) 476-9145
     - Only MCLA provides mediation in person, by phone and by videoconference.

   These organizations cannot accept every case and they may decline cases at their discretion.
   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
   NOTE: This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
   - Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
     o Free, day- of- trial mediations at the courthouse. No appointment needed.
     o Free or low-cost mediations before the day of trial.
     o For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
        http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the Internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit **http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use

2